**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| JANETH SANCHEZ ORTEGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:26-cv-00461 |
| | ) | |
| v. | ) | |
| | ) | |
| MARQUIS SOLAR FRAME WORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Janeth Sanchez Ortega ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Marquis Solar Frame Works, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race and national origin-based discrimination, harassment, and retaliation.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*.

3.     Venue of this action properly lies in the Western District of Wisconsin, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to jurisdiction under Section 1981 and Title VII have occurred or been complied with.

5.     Plaintiff filed a charge of discrimination on the basis of race and national origin-based discrimination, harassment, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.     This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

8.     At all times material to the allegations of this Complaint, Plaintiff, Janeth Sanchez Ortega, resides in Dane County, in the State of Wisconsin.

9.     At all times material to the allegations in this Complaint, Defendant, is a corporation doing business and intentionally seeking out employees, customers, and business in the State of Wisconsin, whose principal place of business is located at 205 Industrial Cir, Stoughton, WI, 53589-1303.

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII and Section 1981 and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

## BACKGROUND FACTS

12.     Plaintiff is a Hispanic woman originating from Mexico.

13.     Plaintiff is a member of a protected class due to her race, Hispanic, and her national origin, Mexican.

14.     Plaintiff was employed by Defendant as an Administrative Coordinator from in or around October 2025 until on or about December 12, 2025.

15.     At all relevant times, Defendant employed more than 200 employees.

16.     In or around October 2025, Plaintiff became aware of an available Human Resources Manager position that she was interested in pursuing.

17.     Plaintiff proceeded to apply for the Human Resource Manager position.

18.     Plaintiff submitted her resume and experience to Defendant, obtaining an interview with the CEO, Christian Morales.

19.     After Plaintiff's interview, Morales stated that Plaintiff would obtain the position and be moved to HR once the current HR manager, Julia (LNU), left her job.

20.     During that time, coworker Maribel de la Cruz informed Plaintiff that the company was "huge on citizenships" and stated that it was surprising the company would consider Plaintiff for a Human Resources role.

21.     Upon Julia leaving her position, the HR Manager position was given to a Caucasian woman, Jennifer Robinson, and not Plaintiff.

22.     Plaintiff asked Morales about him saying that Plaintiff would obtain the position.

23.     Morales simply stated that he would talk about it later.

24.     Maribel de la Cruz later spoke to Plaintiff stating that the Human Resources Manager position was given to Robinson because Robinson was a United States citizen.

25.     As citizenship is a proxy for national origin, since non- United States Citizens clearly have a different national origin than citizens of the United States, De La Cruz had all but confirmed that

3

Plaintiff was denied the position based on her national origin.

26.     Maribel said that she obtained this information from Morales.

27.     Plaintiff later learned that a Caucasian male coworker, Wesley Loveland, received a payout of paid time off ("PTO") before completing 90 days of employment.

28.     In contrast, when Plaintiff used PTO, the company deducted the time from her paycheck.

29.     Plaintiff raised the issue with the new HR Manager, Robinson.

30.     Robinson attempted to claim that the PTO policy being referenced applied to Illinois employees, while Plaintiff worked in Wisconsin.

31.     However, upon information and belief, even non-Hispanic Wisconsin employees did not have their PTO deducted.

32.     On or about December 11, 2025, Plaintiff complained to Robinson that she was being treated differently based on her race and national origin after learning that a Caucasian employee had been allowed to receive a PTO payout before completing 90 days of employment.

33.     In taking this action, Plaintiff was engaging in protected activity.

34.     On or about December 12, 2025, Plaintiff was informed that the company had concluded there was no discrimination and no wrongdoing.

35.     That same day, Plaintiff learned that she had been excluded from a company Christmas party despite assisting in organizing the event, a clear act of retaliation.

36.     Plaintiff discovered that an executive of Defendant, Judy (LNU) (non-Hispanic), had ordered Plaintiff to be excluded from the party.

37.     Plaintiff sent an email to Robinson complaining that her exclusion from the Christmas party was retaliation for her complaints of discrimination.

38.     In taking this action, Plaintiff was again engaging in protected activity.

39.    Later that same day, Plaintiff was called into a meeting with Morales and Robinson.

40.    During the meeting, Plaintiff expressed that she felt discriminated against and harassed based on her race and national origin.

41.    In taking this action, Plaintiff was again engaging in protected activity.

42.    Plaintiff was simply told that she was "not a good fit."

43.    Immediately thereafter and in that same meeting, Plaintiff's employment was terminated.

44.    Plaintiff was terminated on the basis of her race and national origin and in retaliation for reporting discrimination and harassment.

45.    Plaintiff met or exceeded Defendant's performance expectations throughout her employment with Defendant, as evidenced by the lack of non-discriminatory and non-retaliatory writeups in her file.

46.    Plaintiff experienced severe mental anguish following her termination.

47.    Other similarly situated non-Hispanic and non-Mexican employees were not subjected to this same treatment.

48.    Ultimately, Plaintiff was terminated on the basis of her race and national origin, and in retaliation for reporting the race-based and national origin-based discrimination and harassment she suffered at the hands of Defendant.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

49.    Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

50.    Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making,

5

performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

51. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

52. Plaintiff met or exceeded Defendant's performance expectations throughout her employment.

53. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

54. Defendant's unlawful conduct resulted in considerable harm and adverse employment action, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

55. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

56. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

57. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

58. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., due to her race, Hispanic.

59.     Defendant discriminated against Plaintiff due to her race.

60.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

61.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

62.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

63.     Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

64.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, Hispanic, and intentionally harassed Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. Defendant knew or should have known of the harassment.

65.     The race-based harassment was severe or pervasive.

66.     The race-based harassment was offensive subjectively and objectively.

67.     The race-based harassment was unwelcomed.

68.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., due to her race, Hispanic.

69.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

7

70. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (National Origin-Based Discrimination)

71. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

72. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's national origin (Mexican), in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

73. Plaintiff met or exceeded Defendant's performance expectations throughout her employment.

74. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

75. Defendant discriminated against Plaintiff based solely upon her national origin.

76. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., due to her national origin, Mexican.

77. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

78. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of The Civil Rights Act of 1964

**(National Origin-Based Harassment)**

79.    Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

80.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

81.    Defendant knew or should have known of the harassment.

82.    The national origin-based harassment was severe or pervasive.

83.    The national origin-based harassment was offensive subjectively and objectively.

84.    The race and national origin-based harassment was unwelcomed.

85.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to her national origin, Mexican.

86.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

87.    As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of the Civil Rights Act of 1964
**(Retaliation)**

88.    Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

89.    Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

90.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based and national origin-based discrimination and harassment.

91.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

92.    In response to Plaintiff's complaints, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of race-based and national origin-based discrimination and harassment.

93.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

94.    Plaintiff suffered multiple adverse employment actions in retaliation for engaging in protected activity.

95.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based and national origin-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

96.    Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

97.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.    Back pay;

10

b.      Payment of interest on all back pay and benefits recoverable;

c.      Front pay;

d.      Loss of benefits;

e.      Compensatory and punitive damages;

f.      Reasonable attorney fees and costs;

g.      Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18th day of May, 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

11